THE PEOPLE, RESPONDENT, *v.* SANTIAGO, APPELLANT.

APPEAL from the District Court of Guayama.

No. 601.—Decided May 6, 1913.

SLANDER—IMPUTATION.—As the utterances of the accused do not constitute a charge of embezzlement, extortion, or any other crime, the judgment appealed from should be reversed and the accused acquitted.

The facts are stated in the opinion.

*Mr. Charles E. Foote, fiscal,* for The People.

*Mr. R. Martínez Nadal* for appellant.

MR. JUSTICE ALDREY delivered the opinion of the court.

Being secretary of the Municipal Court of Guayama, Arturo G. López swore out a complaint in that court against Florencio Santiago charging that:

"Wilfully, maliciously and publicly and tending to injure the reputation of the complainant, who is the secretary of the Municipal Court of Guayama, he made the following statements about the complainant in the presence of several witnesses and in the absence of the accuser: 'That the *fiscal,* Mr. Foote, was making an investigation against Arturo G. López, secretary of the municipal court; that there were three charges but that the most serious one was his failure to account for certain funds originating from fines and that the *fiscal* had caused the books of the court and of the jail to be brought up for the purpose of an investigation; that, besides, he was inquiring into the matter of a bail bond for the filing of which the secretary had demanded $10; that he had no alternative but to tell the truth as he could not place himself in jeopardy with the Government;' that the accused, wilfully, maliciously, and unlawfully, made the foregoing remarks about the complainant, which remarks impute to the latter the commission of the crimes of embezzlement and extortion."

The case coming before the District Court of Guayama on appeal, the accused was found guilty of slander and sentenced to pay a fine, from which judgment the present appeal was taken by the defendant.

The only ground relied on by the appellant both in this and in the trial court is that the evidence introduced is not sufficient to justify the finding that the defendant had wilfully and maliciously used such language as would constitute slander. Furthermore, the *fiscal* of this court, both in his brief and orally, supports the appeal on the ground alleged by the appellant and asks that the sentence appealed from be reversed and the defendant discharged.

The evidence is conflicting on one point only, namely, whether the appellant used the words ascribed to him by the witnesses for the prosecution; but inasmuch as he was convicted by the trial court we have to understand that the conflict in the evidence was decided in the sense that the accused did really use said words. Therefore, accepting its decision on this point in accordance with the doctrine established by us in numerous cases, we will confine ourselves to a consideration of whether the words, granting that they were used, constitute the offense of which the accused has been convicted.

From the evidence introduced at the trial by the *fiscal* it appears that on leaving the court-room where an investigation was taking place the appellant was accosted by Alfonso Torres and Pedro Rodríguez and asked about the proceedings which were being conducted in the court-room. He answered that he had just testified in an investigation against Arturo López, clerk of the municipal court, and in reply to further questions put by Rodríguez as to the object of the investigation he said that there were several charges, one that López had used prisoners for his private household work, and another "about collectible fines which did not appear in the books." As Rodríguez rejoined that this could not be so as such fines would appear necessarily in the stub-book, the accused answered: "I do not know, but that is why they have brought up the books of the municipal court and those of the district jail in order to ascertain

whether there is any discrepancy," adding that "José Freirías was just then testifying in regard to a bail bond of $10 which Arturo López had collected." The above quotations are taken from the testimony of Alfonso Torres which is corroborated by that of Pedro Rodríguez.

The stenographer who took down the proceedings testified that the investigation covered two charges, one that Arturo López had made use of the prisoners assigned to the service of the court for his own private work, and the other that he engaged in the practice of law, but that there was no inquiry in connection with any fine or bail bond for $10. This is all the material evidence for the prosecution.

The court below held that there had been a violation of Act No. 49, approved March 9, 1911, to define and punish the crime of slander, the first two sections of which read as follows:

"Section 1.—Slander is a false and malicious utterance made by word of mouth in a public manner against a natural person or a body corporate, whereby said natural person or body corporate is charged with the commission of a deed punishable by law.

"Section 2.—Slander is also a tale or report maliciously and publicly made tending to injure the honor, reputation or worthiness of a natural person or body corporate."

Hence it was not true that the charges against the complainant were, as stated by the accused, "for collectible fines which do not appear in the books" and "for a bail bond of $10" which the secretary collected; but, in any event, such words do not impute to the complainant the commission of the crime of embezzlement or extortion referred to in the complaint because an essential element for the existence of such crimes is the appropriation of another person's property effected in the former crime in abuse of the confidence reposed in a person or by reason of an official position, and in the latter by means of coercion or intimidation or by a pretended right thereto. Consequently, as the utterances of the

accused do not charge the complainant with the appropria-
tion of any property, neither the foregoing nor any other
crimes have been imputed to him, hence the crime defined in
section 1 of the act cited was not committed.

Neither do we believe that such utterances come under sec-
tion 2 of said act because the statements that certain fines
did not appear in the books and that Freirías was testifying
with regard to a bond for $10 which the secretary collected,
can in no wise affect his honor, character, or reputation, for
said fines might have been omitted from the books for some
justifiable reason and the collection of the bond for $10 may
have been lawfully made by him, and the accused did not
make an assertion that either of the acts was committed by
the complainant in a manner that would reflect on his honor,
reputation, or worth.

For the foregoing reasons the judgment appealed from
should be reversed and another rendered acquitting the
appellant.

*Reversed.*

Chief Justice Hernández and Justices Wolf and del Toro
concurred.

Mr. Justice MacLeary did not take part in the decision of
this case.